Henrietta SILLE, Appellant,

v.

Ray SHAFFER and Hazel Shaffer, Appellees.

No. 64290.

Supreme Court of Iowa.

Oct. 15, 1980.

Dale Swanson, Newton, for appellant.

Dennis F. Chalupa and Brad McCall, of Brierly, McCall, Girdner, Chalupa & Somers, Newton, for appellees.

Considered by UHLENHOPP, P. J., and HARRIS, McCORMICK, LARSON, and SCHULTZ, JJ.

HARRIS, Justice.

This is a boundary dispute between owners of adjoining town lots. The question is whether the plaintiff acquired title to the disputed tract either by acquiescence or by adverse possession. The trial court held not, that the title remained with defendant title holder. We think plaintiff established her claim of title by acquiescence and, hence, reverse the trial court.

Defendant, Ray Shaffer, formerly owned most of block 76 in the town of Monroe, Iowa. In 1956 defendant sold to plaintiff, Henrietta Sille, a 66 by 120 foot tract upon which the plaintiff built a home. Soon after the sale defendant moved a woven wire fence which had previously bounded plaintiff's property on the north to a position on the western part of defendant's property.

The parties dispute the purpose the fence was to serve when it was moved. The defendant argues the fence was intended to be temporary and was erected only to prevent children and dogs from running through a large garden he maintained on his own property. In any event the fence was not positioned on the true boundary between his yard and the tract sold to plaintiff.

At the time defendant thought there was a 12 foot alley between the two properties because a 12 foot alley did exist in the block to the north. When he built the fence defendant told plaintiff the alley was to be hers. After plaintiff constructed the home on her lot she added dirt and fill and constructed a garage. Some of the dirt and fill extended over the disputed area, in some places as much as three to four feet.

The fence remained in position until removed in 1976. From 1956 until 1976 plaintiff maintained and used the disputed strip. She mowed the strip and planted bushes upon it. Defendant made no use of the tract.

After removal of the fence in 1976 plaintiff filed this petition alleging a boundary line by acquiescence and title of the disputed tract by adverse possession. There was no alley–either in fact or of record. The disputed strip is wider than 12 feet, being 12 feet wide at the northern end and 18 feet wide at the southern end.

I. A suit to establish title by acquiescence is contemplated by statute. § 650.14, The Code 1979, provides:

If it is found that the boundaries and corners alleged to have been recognized and acquiesced in for ten years have been so recognized and acquiesced in, such recognized boundaries and corners shall be permanently established.

The proceeding contemplated by this section is triable as at law and our review ordinarily is not de novo. "The issue of acquiescence presents mostly fact questions, and the judgment in such a case has the effect of a jury verdict." *Brown v. McDaniel*, 261 Iowa 730, 732, 156 N.W.2d 349, 351 (1968). Adverse possession is established by a quiet title action, an equitable proceeding under chapter 649, The Code. Our review is de novo. *Council Bluffs Sav. Bank v. Simmons*, 243 N.W.2d 634, 635 (Iowa 1976), cert. denied, 429 U.S. 1001, 97 S.Ct. 532, 50 L.Ed.2d 613, rehearing denied, 429 U.S. 1124, 97 S.Ct. 1163, 51 L.Ed.2d 575.

Although the parties do not entirely agree, these proceedings were tried by consent in equity. The trial court announced on the record that the proceedings were equitable and counsel agreed.

We should digress to mention that the trial court ruled on objections as they were

made at trial, rather than reserving rulings so as to allow the answers to become a part of the record. This practice is normally the hallmark of a law trial, not an equitable proceeding. On a number of occasions we have disapproved the practice of making evidentiary rulings in equitable cases. *See,* for example, *Leo v. Leo*, 213 N.W.2d 495, 497–98 (Iowa 1973). The basis for our disapproval is plain. Upon a de novo review it would be impossible, where we disagree with a trial court's evidentiary ruling, to consider necessary evidence which would be absent from the record. ˙

■ We have no such problem in this case. We have carefully read the transcript and find few instances in which evidence was excluded from the record. In none of these situations do we disagree with the trial court's evidentiary ruling. Nevertheless we again disapprove the practice of ruling on evidentiary matters in equitable proceedings and point out that such a procedure is apt to deny a chance to achieve a de novo review.

Since this matter was tried by the court in equity it will be so considered by us and reviewed de novo. *Mosebach v. Blythe*, 282 N.W.2d 755, 758 (Iowa App.1979).

II. Plaintiff's claim in adverse possession was dismissed on motion by the trial court at the close of plaintiff's evidence. We pass the propriety of that ruling. As will be seen, we rest our reversal upon a de novo review of plaintiff's alternative theory of title by acquiescence.

■ III. The meaning of "acquiescence" under section 650.14 is well settled. It is the mutual recognition by two adjoining landowners for ten years or more that a line, definitely marked by fence or in some manner, is the dividing line between them. Acquiescence exists when both parties acknowledge and treat the line as the boundary. When the acquiescence persists for ten years the line becomes the true boundary even though a survey may show other-

wise and even though neither party intended to claim more than called for by his deed. *Pruhs v. Stanlake*, 253 Iowa 642, 645, 113 N.W.2d 300, 302 (1962).

■ Knowledge on the part of both parties is a condition precedent for the existence of acquiescence. *Petrus v. Chicago R. I. & P. R. Co.*, 245 Iowa 222, 228, 61 N.W.2d 439, 442 (1953). Pointing to this principle the trial court cited *Olson v. Clark*, 252 Iowa 1133, 1138, 109 N.W.2d 441, 445 (1961). The trial court believed there was insufficient knowledge in this case on the part of defendant and that this lack of knowledge was decisive of the case.

Indeed it was broadly hinted in the trial court ruling that the result might have been otherwise had defendant in fact known that no alley had been platted or dedicated for a part of the disputed tract. In this view the trial court misapprehended the principle and misapplied the rule. It is sufficient knowledge if both parties are aware of the fence or other line and of the fact that both adjoining landowners are, for the required period, treating it as a boundary. Knowledge, in the sense required for acquiescence, does not encompass record ownership.

■ Contrary to the defendant's suggestion we find that the fence during that period was recognized as the boundary and not merely a barrier. The plaintiff treated the property on her side of the fence as her own. She improved and maintained the property. Her dominion over the property was well known by defendant. Neither party treated the fence as a mere barrier to protect the defendant's garden.

We hold that plaintiff has established the boundary between the two adjoining tracts by acquiescence as provided by section 650.14. The judgment of the trial court is reversed and the case remanded for entry of a judgment quieting title to the disputed tract in the plaintiff.

REVERSED AND REMANDED.