**IN THE COURT OF APPEALS OF IOWA**

No. 14-0421
Filed February 11, 2015

**MARY VIRGINIA MCMAHON,**
        Plaintiff-Appellant/Cross-Appellee,

**vs.**

**DAVID ROUSSELOW, PAMELA S. ROUSSELOW**
**a/k/a PAMELA S. ROUSSELOW, et al.,**
        Defendants-Appellees/Cross-Appellants.
_____

        Appeal from the Iowa District Court for Poweshiek County, Myron L.

Gookin, Judge.


        Mary McMahon appeals the denial of her petition to establish a boundary

by acquiescence. **AFFIRMED.**



        Andrew B. Howie of Hudson, Mallaney, Shindler & Anderson, P.C., West

Des Moines, for appellant.

        John W. Harris of Law Offices of C. Kevin McCrindle, Waterloo, for

appellees.



        Considered by Vogel, P.J., and Vaitheswaran and Potterfield, JJ.

**POTTERFIELD, J.**

Mary McMahon appeals the denial of her petition to establish a boundary by acquiescence between adjoining properties. Adjoining property owners, David and Pamela Rousselow contend the trial court was correct in denying McMahon's petition and in granting their counterclaim to quiet title in the disputed land.

"[T]he party seeking to establish a boundary line other than the boundary line in accordance with a survey must prove acquiescence by clear evidence." *Tewes v. Pine Lane Farms, Inc.*, 522 N.W.2d 801, 806 (Iowa 1994). "[A] boundary line may be established by a showing that the two adjoining landowners or their predecessors in title *have recognized and acquiesced* in a boundary line for a period of ten years." *Id.* (emphasis added). "Each of the adjoining landowners or their grantors *must have knowledge of and consented to* the asserted property line as the boundary line." *Id.* (emphasis added); *Sille v. Shaffer,* 297 N.W.2d 379, 381 (Iowa 1980).

Upon our de novo review,[1] we find no reason to disturb the trial court's rulings. We agree with the trial court's finding that "[n]either party knew where the actual boundary line was located." Nor was there a consistent, recognized property line. As the trial court stated, "Because there was never any mutually

---

[1] A claim for boundary by acquiescence is ordinarily brought "as an action by ordinary proceedings." *See* Iowa Code § 650.15 (2013). Thus, our review would normally be for correction of errors of law. Iowa R. App. P. 6.907. However, the parties tried this matter as one in equity, and therefore, our review is de novo. *See Sille v. Shaffer*, 297 N.W.2d 379, 381 (Iowa 1980) ("Since this matter was tried by the court in equity it will be so considered by us and reviewed de novo."). "In equity cases, especially when considering the credibility of witnesses, the court gives weight to the fact findings of the district court, but is not bound by them." Iowa R. App. P. 6.904(3)(g).

recognized boundary between the parties, the issue of whether such boundary was mutually recognized for a period of ten years is irrelevant."  We affirm.

**AFFIRMED.**