# IN THE COURT OF APPEALS OF IOWA

No. 15-1208
Filed May 25, 2016

**APRIL EWOLDT,**
      Plaintiff-Appellee,

**vs.**

**NICHOLAS DIFFENDERFER,**
      Defendant-Appellant.
_____

Appeal from the Iowa District Court for Cedar County, Stuart P. Werling, Judge.

Nicholas Diffenderfer appeals the district court's grant of April Ewoldt's application for a protective order. **REVERSED AND REMANDED.**

Lynne C. Jasper of Stafne, Lewis, & Jasper, Bettendorf, for appellant.

Courtney Thomas-Dusing of Iowa Legal Aid, Iowa City, for appellee.

Considered by Danilson, C.J., and Vogel and Potterfield, JJ.

**VOGEL, Judge.**

Nicholas Diffenderfer appeals the district court's grant of April Ewoldt's application for a protective order. He asserts Ewoldt failed to show by a preponderance of the evidence he committed an assault within the meaning of Iowa Code section 236.2 (2015), and therefore, the court erroneously granted the application. He further claims the court denied him a substantial right when it did not allow him to call a witness. We conclude Ewoldt did not establish there was an assault within the meaning of section 236.2; therefore, we need not address Diffenderfer's second claim, and we reverse the order of the district court.

The parties' marriage was dissolved in January 2014, and they have two minor children, A.D. born in 2007 and W.D born in 2008.[1] Reflecting on the discord in the marriage, Ewoldt testified the parties "would get in arguments, we would actually get into fights, physical fights." The district court took judicial notice of a previous protective order granted in favor of Ewoldt, which expired in 2013, as well as Diffenderfer's criminal conviction for an assault against Ewoldt.

There were two incidents that prompted the filing of the current petition for a protective order. The first occurred in May 2015, after Ewoldt and Diffenderfer went with W.D. to get his picture taken for his baseball team. After the session was over, the parties walked to Ewodt's car. As it was Diffenderfer's day to assume physical care of the children, he told W.D. he was going with him and took W.D.'s hand. Ewoldt told Diffenderfer they first needed to go home so W.D. could change clothes before he could go with Diffenderfer. Ewoldt picked up W.D., and Diffenderfer attempted to grab W.D. from her arms, though she

---

[1] Ewoldt has since remarried.

blocked him from doing so with her upper arm and elbow. She put W.D. in the back seat and eventually left with him. Diffenderfer called the police and told them his wife was kidnapping his child. Ewoldt testified this incident made her "nervous," "very upset," and "very uncomfortable."

The second incident occurred the afternoon of June 8 at W.D.'s baseball game. After Ewoldt, her husband, W.D., and A.D. arrived, Diffenderfer also arrived at the game. Diffenderfer walked past Ewoldt, and Ewoldt testified, "I wasn't worried about him causing trouble then." But Ewoldt decided to approach Diffenderfer and ask him to leave. He replied he would not leave and then proceeded to say several times, "If you want me to leave, then why don't you go get your husband to kick my ass and make me leave?" Ewoldt replied, "I don't need my husband to kick your ass." Ewoldt went back to where her husband was standing, and because of Diffenderfer's comment as to her husband, Ewoldt called the police. She testified that when the police arrived, "they talked to me and calmed me down."

Ten days after the second incident, Ewoldt filed an application for a protective order, and a temporary order was entered. A hearing on the petition was held on July 2, 2015, in which Ewoldt and Diffenderfer testified as to the above described incidences. Diffenderfer called another witness, but after Diffenderfer admitted the witness's testimony would be cumulative, the district court did not allow the witness to testify. Following the hearing, the district court issued a protective order in which it found Diffenderfer "committed a domestic abuse assault against" Ewoldt and he "represents a credible threat to the physical safety" of Ewoldt. Diffenderfer appeals.

This is a matter tried in equity, and therefore, our review is de novo.[2] *Knight v. Knight*, 525 N.W.2d 841, 843 (Iowa 1994).

To obtain a protective order, the moving party must establish the defendant engaged in domestic abuse. Iowa Code § 236.5(1). Section 236.2 states domestic abuse constitutes an assault as defined in Iowa Code section 708.1, when there is a domestic connection between the parties. *Id.* § 236.2(2)(a)–(d). Pursuant to section 708.1, an assault is, "Any act which is intended to cause pain or injury to, or which is intended to result in physical contact which will be insulting or offensive to another, coupled with the apparent ability to execute the act" or "Any act which is intended to place another in fear of immediate physical contact which will be painful, injurious, insulting, or offensive, coupled with the apparent ability to execute the act." *Id.* § 708.1(2)(a), (b).

Ewoldt testified she was seeking a protective order because she "believe[d] without the order in place, it allows him to still come to functions where me and my family is at and make people uncomfortable, makes things uneasy." The only evidence presented that would come close to satisfying an "assault" as defined in Iowa Code section 708.1(2)(a) and (b) would be when Diffenderfer attempted to take W.D. from Ewoldt. Ewoldt described the incident in the following manner:

---

[2] Although Ewoldt asserts the case was tried at law, and therefore, we should review under a substantial evidence standard, we find the minimal objections made during the hearing did not change the equitable nature of the proceedings. *See Passehl Estate v. Passehl*, 712 N.W.2d 408, 414 (Iowa 2006) (concluding minor evidentiary objections and rulings by the district court that did not have a significant effect on the proceeding did not change the proceeding from equity to at law); *Sille v. Shaffer*, 297 N.W.2d 379, 381 (Iowa 1980) (holding the district court's few evidentiary rulings excluding evidence did not prevent a de novo review).

> I had to pick [W.D.] up and put him in my arms. And [Diffenderfer] was trying to pull [W.D.] out of my arms, and I was pushing him back with, like, my forearm to make him stop, and he did. And I put [W.D.] in the car, and he proceeded to stand by the car for a moment, saying that [W.D.] needed to go with him.

She described how she felt as being "very uncomfortable," "very nervous," and "very paranoid."

> Diffenderfer described the incident in a similar fashion:

> I'm holding [W.D.'s] hand. [Ewoldt] grabs him and then picks him up, and then I was going to grab [W.D.] out of her arms. And then I was like, I can't do this. She's taken him from me. I've been told to call the police. I have several police reports against her. So I called the police, and I said that she has kidnapped my son from me again.

On our de novo review of the record, we conclude Ewoldt did not carry her burden of proof establishing Diffenderfer committed domestic abuse under Iowa Code section 236.2, which is defined as an assault under section 708.1. The above-quoted incident did not rise to the level of an "act which is intended to cause pain or injury to, or which is intended to result in physical contact which will be insulting or offensive to another, coupled with the apparent ability to execute the act." *See id.* § 708.1(2)(a). The incident also did not place Ewoldt in fear of immediate physical contact which would be painful, injurious, insulting, or offensive. *See id.* § 708.1(2)(b). It was Ewoldt, not Diffenderfer, who pulled the child away from Diffenderfer and used her elbow to prevent Diffenderfer from exercising his visitation with the child. No verbal threats were uttered; no hands were raised. Ewoldt never said she was afraid Diffenderfer would touch her in an insulting or offensive way. Diffenderfer backed away from Ewoldt asking to exercise his visitation and then called the police when Ewoldt refused and drove

away with the child.  Being uncomfortable, nervous, upset, or paranoid does not satisfy the elements of the statute.  Therefore, the district court improperly issued the protective order, and we reverse and remand for dismissal.

Because of this conclusion, we need not address Diffenderfer's second claim.

**REVERSED AND REMANDED.**