**IN THE COURT OF APPEALS OF IOWA**

No. 16-0018
Filed March 22, 2017

**HEATHER R. SMITH,**
     Appellant/Cross-Appellee,

**vs.**

**JEFFREY MICHAEL JANSSEN,**
     Appellee/Cross-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Joel D. Novak, Judge.

Heather Smith and Jeff Janssen separately appeal the district court's findings concerning their respective acts of domestic assault. **AFFIRMED ON BOTH APPEALS.**

Michael P. Holzworth, Des Moines, for appellant.

Lynne Wallin Hines of Lynne W. Hines Law Office, Des Moines, for appellee.

Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**DOYLE, Judge.**

This case concerns two domestic abuse protective orders entered in the wake of an altercation that occurred in October 2015 when Heather Smith and Jeff Janssen were exchanging custody of their two children following visitation. During the exchange, Heather entered Jeff's vehicle in an attempt to remove the older child from his seat and Jeff tried to stop her. The altercation separately led each party to seek a domestic abuse protective order against the other. After consolidating the actions and holding a hearing that spanned a day and a half, the district court found each party had committed a domestic abuse assault against the other and issued both requested protective orders in December 2015.

Heather and Jeff separately appealed. They challenge the district court's findings concerning their respective acts of domestic assault. The supreme court consolidated their appeals and the matter was transferred to this court in February 2017.

**I. Scope of Review.** The parties assert this action was tried in equity and our review is de novo. The trial court ruled on objections during the trial. Ordinarily, civil-domestic-abuse proceedings are tried in equity, and our appellate review of equitable proceedings is de novo. *See, e.g.*, *Wilker v. Wilker*, 630 N.W.2d 590, 594 (Iowa 2001); *Knight v. Knight*, 525 N.W.2d 841, 843 (Iowa 1994). We generally "consider and review a case in the same manner as the district court tried the case." *Molo Oil Co. v. City of Dubuque*, 692 N.W.2d 686, 690 (Iowa 2005). When the "case was tried in the district court as a law action" and it "ruled on objections as they were made," our appellate review is for correction of errors at law. *Bacon ex rel. Bacon v. Bacon*, 567 N.W.2d 414, 417

(Iowa 1997). Though an important consideration, the district court's ruling on evidentiary objections alone does not determine whether the case was tried in law or equity. *See Passehl Estate v. Passehl*, 712 N.W.2d 408, 414 (Iowa 2006). Where "the objections were minor and did not have a significant effect on the proceedings" and the "district court ultimately used its equitable powers to order specific performance and to issue an injunction," it may be concluded the case "was fully tried in equity." *Id.*

In *Sille v. Shaffer*, 297 N.W.2d 379, 380-81 (Iowa 1980), the supreme court concluded that the case would be reviewed de novo despite the fact that the district court ruled on objections during trial. The court stated:

> Upon a de novo review it would be impossible, where we disagree with a trial court's evidentiary ruling, to consider necessary evidence which would be absent from the record.
> We have no such problem in this case. We have carefully read the transcript and find few instances in which evidence was excluded from the record. In none of these situations do we disagree with the trial court's evidentiary ruling.

*Sille*, 297 N.W.2d at 381.

We have carefully reviewed the transcript in this case and find few instances where the court excluded evidence from the record based on its evidentiary rulings, and such exclusions in this case do not impact our review of the facts and record of this case. They were not rulings on objections that denied this appellate court an opportunity to review the admissibility of evidence such that the objects of a de novo review were somehow thwarted. Considering all the facts and circumstances in this case, we conclude that the mode of trial was more akin to an equitable proceeding and that ruling on the few objections made did not convert this case to one at law. Consequently, our review is de novo.

On de novo review, we examine both the law and the facts, and we adjudicate anew those issues properly preserved and presented for appellate review. *See Wilker*, 630 N.W.2d at 594. We give weight to the district court's findings, particularly its credibility determinations, but our obligation to adjudicate the issues anew means that we must satisfy ourselves the petitioning party has come forth with the quantum and quality of evidence sufficient to prove the statutory grounds for issuing a protective order. *See id.* at 594.

**II. Domestic Abuse Protective Orders.** The court is authorized to grant a protective order under Iowa Code section 236.5(1)(b) (2015) if it finds a defendant has engaged in domestic abuse. Pursuant to one the definitions provided in chapter 236, domestic abuse occurs when an assault is committed between persons who are parents of the same minor child. *See* Iowa Code § 236.2(2)(c). A person commits an assault when, without justification, one does "[a]ny act which is intended to cause pain or injury to, or which is intended to result in physical contact which will be insulting or offensive to another, coupled with the apparent ability to execute the act." *Id.* § 708.1(2).

It is undisputed that Heather and Michael are the parents of the same minor children to qualify for the protections afforded by chapter 236. The limited questions before us on appeal are whether the parties committed an assault.

**A. Heather's appeal.** The district court found Heather committed domestic abuse assault against Jeff by performing an act intended to result in physical contact that would be insulting or offensive to Jeff. *See id.* § 708.1(2). Specifically, the court found

> that at some point in time after [Jeff] said, "Don't touch me. Don't touch me. Don't touch me," [Heather] decided to . . . taunt or . . . said touch, touch, touch or poke, poke, poke and did, in fact, touch, touch, touch or poke, poke, poke the person of [Jeff].
> Even though there's no way he could have considered that he would have been seriously injured or injured in any way, it was the kind of act that could prove offensive to somebody if they did it without justification.

Heather challenges these findings, arguing that her act of touching or poking Jeff did not constitute offensive conduct.[1]

Heather admits that during the exchange of custody, Jeff told her to stop touching him and she responded by saying, "Touch, touch, touch," as she touched him once on each shoulder and once on the cheek. On appeal she admits, "There is no question that Heather's conduct was immature and done for the purpose of irritating or taunting Jeff." However, she argues this conduct could not have offended Jeff's reasonable sense of personal dignity. *See Nelson v. Winnebago Indus. Inc.*, 619 N.W.2d 385 (Iowa 2000) (noting "'[a] bodily contact is offensive if it offends a reasonable sense of personal dignity'" (quoting Restatement (Second) of Torts § 19, cmt. a (1965)).

For assault, it is sufficient if the defendant intends to offensively touch someone. *See State v. Johnson*, 291 N.W.2d 6, 9 (Iowa 1980). For a touch to be considered offensive, it is enough to show the touch was undesired and done without permission or consent. *See State v. Spears*, 312 N.W.2d 79, 80-81 (Iowa Ct. App. 1981) (noting a witness's testimony that the defendant's unwanted

---

[1] The court also determined that Heather committed an assault on Jeff under section 708.1(2) by performing an act intended to cause pain or injury to Jeff by finding "sufficient evidence that [Heather] did punch [Jeff] two or three times." Heather also challenges this finding, but our resolution of the "offensive conduct" issue eliminates the need to address it.

act of touching of his pocket without permission or consent revealed the touching was offensive); *see also Crawford v. Bergen*, 60 N.W. 205, 206 (Iowa 1894) (holding, where the evidence showed the defendant "lay his hand on [another's] shoulder," that "it was a fair question for the jury whether the touching of the person of the plaintiff should be regarded as an assault and battery"). In the past our supreme court has held than an assault occurs if there is an "unpermitted and unlawful application of physical force to the person of another in a rude or insolent manner or with a desire to do physical harm." *State v. Redmon*, 244 N.W.2d 792 (Iowa 1976) (quoting *State v. Yanda*, 146 N.W.2d 255-256 (Iowa 1966)); *Luttermann v. Romey*, 121 N.W. 1040, 1041 (Iowa 1909) ("Every man is the sole custodian of his own physical person. No other has a right even to touch it unlicensed." (quoting Bishop on Noncontract Law § 189)).

Heather's act of touching Jeff, in defiance of his express wish for her to not touch him and, admittedly, done to taunt or irritate him, was offensive conduct. Therefore, sufficient evidence supports the finding Heather committed an assault on Jeff.

**B. Jeff's Appeal.** The district court also found that Jeff committed domestic abuse assault against Heather either by performing an act intended to cause pain or injury to Jeff or by performing an act intended to result in physical contact that would be insulting or offensive to Jeff. *See* Iowa Code § 708.1(2). The court found:

> [A]s far as [Jeff] is concerned, I find you committed the assault fitting under either of the definitions [set forth in section 708.1(2)] because the court finds . . . by a preponderance of the evidence that . . . you grabbed Heather by the shoulders, you grabbed her by the waist, you grabbed her by the ankles, basically, in an attempt to

remove her from the vehicle. And the court does not accept or find that your reason for doing so was for self-defense or the defense of others.

Jeff claims the evidence is insufficient to show he committed domestic assault. Although he denied ever grabbing or trying to grab Heather by the ankles, wrist, or shoulder, it is undisputed that Jeff put his hands on Heather without her permission in an attempt to remove her from the vehicle. Jeff claims, however, that this act does not constitute an assault because there was a legitimate concern that Heather might injure one of the children; therefore, he was justified in putting his hands on Heather to remove her from the vehicle.

"A person is justified in the use of reasonable force when the person reasonably believes that such force is necessary to defend oneself or another from any imminent use of unlawful force." *Id.* § 704.3. However, a defendant is not justified in using force if the defendant initiated or continued the incident resulting in injury, the defendant did not or could not reasonably believe there was imminent danger of injury that necessitated the use of force, or the force used was unreasonable. *See State v. Rubio*, 602 N.W.2d 558, 565 (Iowa 1999).

Sufficient evidence establishes that Jeff was not justified in placing his hands on Heather during the custody exchange. Clearly, there was a great deal of tension during the custody exchange. Heather reached into Jeff's vehicle without permission in an attempt to remove her son. However, the evidence shows Jeff's act of putting his hands on Heather escalated the situation. Sufficient evidence supports a finding that Jeff's act of escalating the situation caused the children to be at risk of harm and that the risk of harm was not present until Jeff put his hands on Heather. If the children were not at risk before

Jeff touched Heather, his actions were not justified. The evidence thereby supports a finding that Jeff assaulted Heather.

### III. Trial Attorney Fees.

Upon a finding the defendant has engaged in domestic abuse, the district court may order the defendant to pay the plaintiff's attorney fees and court courts. *See* Iowa Code § 236.5(4). Although the district court found each party engaged in domestic abuse, it ordered each party to pay their own attorney fees. Both parties appeal this ruling.

The trial court has considerable discretion in awarding attorney fees. *In re Marriage of Miller*, 524 N.W.2d at 445. To overturn the court's ruling, the parties must show the trial court abused its discretion. *See id.* We find the trial court acted within its discretion in denying Heather and Jeff an award of trial attorney fees.

### IV. Appellate Attorney Fees.

Both parties ask us to award them their appellate attorney fees. Like the district court, we have the authority to award attorney fees under Iowa Code section 236.5(4). *See also Schaffer v. Frank Moyer Constr. Inc.*, 628 N.W.2d 11, 23 (Iowa 2001) (holding that a statute allowing an award of trial attorney fees permits an award of appellate attorney fees as well). An award of attorney fees is not a matter of right, but is within the discretion of the court. *See In re Marriage of Benson*, 545 N.W.2d 252, 258 (Iowa 1996). We decline to award either party their appellate attorney fees.

**AFFIRMED ON BOTH APPEALS.**