## IN THE COURT OF APPEALS OF IOWA

No. 16-2077
Filed August 16, 2017

**SUMMIT VETERINARY SERVICES, LLC,**
        Plaintiff-Appellant/Counterclaim Defendant,

**vs.**

**MARLYN J. TINDLE AND TONI M. TINDLE,**
        Defendants-Appellees/Counterclaim Plaintiffs.
_____

        Appeal from the Iowa District Court for Madison County, Patrick W. Greenwood, Judge.


        Summit Veterinary Services appeals the order quieting title in certain real property to Dr. Marlyn Tindle and Toni Tindle.  **AFFIRMED.**



        Matthew J. Hemphill of Bergkamp, Hemphill & McClure, P.C., Adel, for appellant.

        Joseph F. Wallace and Abigail L. Thiel of Simpson, Jensen, Abels, Fischer & Bouslog, P.C., Des Moines, for appellees.


        Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**DOYLE, Judge.**

Summit Veterinary Services, LLC, (Summit Veterinary)[1] appeals the order quieting title in certain real property to Dr. Marlyn Tindle and Toni Tindle. The sole question before us is whether the Tindles proved their claim of adverse possession. Because the Tindles have proved they adversely possessed the land in question for a period of more than ten years, we affirm.

### I. Background Facts and Proceedings.

In 1977, the Tindles purchased a home on West Summit Street in Winterset, and Dr. Tindle operates his chiropractic clinic on the same property. The property is bordered on the north by West Summit Street (also known as Old Highway 92) and on the west by U.S. Highway 169. Abutting the Tindles' property on the east is a parcel of land upon which a veterinary clinic was built in 1979. Summit Veterinary purchased the veterinary clinic in 2015.

Access to both the veterinary clinic and the Tindles' property is by a gravel driveway from West Summit Street. An asphalt driveway runs from the Tindle home to the east, paralleling West Summit Street, transitions to gravel at its east end, and then turns north to intersect with West Summit Street. This is the Tindles only means of accessing their property. The Tindles' driveway was gravel when they purchased the property and over the years Dr. Tindle had it paved. In 1979, the veterinary clinic's first owner constructed a fence south of and parallel to where the asphalt driveway now runs. Dr. Tindle assisted in the construction of the fence and has maintained it over the years.

---

[1] The limited liability company changed its name from MCVC, LLC to Summit Veterinary Services, LLC after it filed its petition to quiet title.

3

The Tindles constructed two carports on the north side of the driveway. They built the westernmost carport in 2000 to house Dr. Tindle's truck and snowplow. In 2006, they began construction on a second carport to the east for use in a used-car business they began operating in 2002. Since 2002, the Tindles have displayed the used cars for sale by parking them along the north side of the asphalt driveway.

Summit Veterinary initiated the present action after a review of a property survey revealed that it owned the land north of the fence, on which the asphalt driveway and carports are located. Summit Veterinary filed a petition seeking to quiet title to the real estate in its favor. The Tindles counterclaimed, alleging they acquired title to the property by adverse possession. The district court found the Tindles proved their adverse-possession claim and quieted title to the disputed property to the Tindles.[2] Summit Veterinary appeals.

**II. Scope and Standard of Review.**

Because "[a]dverse possession is established by a quiet title action, an equitable proceeding," our review is de novo. *See Sille v. Shaffer*, 297 N.W.2d 379, 380 (Iowa 1980). Although the trial court's findings are not binding on us, we give them deference because we recognize the trial court had the opportunity to observe the witnesses and assess their credibility. *See Diercks v. Malin*, 894 N.W.2d 12, 17 (Iowa Ct. App. 2016).

---

[2] The court also awarded the Tindles an easement of access over and across the veterinary clinic's gravel driveway to access West Summit Street.

**III. Adverse Possession.**

To prove a claim of adverse possession of property, a party is required to show hostile, open, exclusive, and continuous possession of that property under claim of right or color of title for a period of at least ten years. *See Louisa Cty. Conservation Bd. v. Malone*, 778 N.W.2d 204, 207 (Iowa Ct. App. 2009). There must be proof the party intended to occupy the disputed land regardless of right. *See Huebner v. Kuberski*, 387 N.W.2d 144, 146 (Iowa 1986). A party who only intends to claim the land it rightfully owns is not in adverse possession. *See id.* Adverse possession requires proof by clear and convincing evidence. *See Malone*, 778 N.W.2d at 207.

Summit Veterinary first asserts the Tindles' possession was not adverse. It claims the Tindles mistakenly believed they owned the disputed land and only intended to hold the land deeded to them. The question is whether the Tindles intended to occupy the disputed land.

Possession of land is adverse when one occupies and uses the land openly and notoriously in the manner of a landowner to the exclusion of its true owner. *See I-80 Assocs., Inc. v. Chi., Rock Island & Pac. R.R. Co.*, 224 N.W.2d 8, 11 (Iowa 1974).

> The actual occupation, use, and improvement of the premises by the claimant, as if he were in fact the owner thereof, without payment of rent or recognition of title in another or disavowal of title in himself, will be sufficient to raise a presumption of his entry and holding as absolute owner, and, unless rebutted, will establish the fact of a claim of right.

*See id.* (citation omitted).

The act of paving the driveway with asphalt and constructing two carports and a concrete lot upon it clearly establishes the Tindles used the disputed property as if they owned it and did so adversely to the true owners' rights. Their mistaken belief they owned the land does not defeat their claim but rather shows the necessary good faith in claiming a right to the land. *See Carpenter v. Ruperto*, 315 N.W.2d 782, 785 (Iowa 1982) (stating an adverse possession claim cannot succeed if the claimant knows it lacks title to property and has no basis for claiming an interest in the property because the requisite good faith claim of right cannot be established).

Summit Veterinary also argues the Tindles failed to show they possessed the disputed property for the ten years necessary to establish adverse possession. Although it concedes that the Tindles' construction of the western carport occurred more than ten years before trial and thus establishes adverse possession of the western portion of the disputed property, it argues the Tindles failed to show the necessary time period for adverse possession on the eastern portion of the disputed property because the eastern carport and lot were constructed less than ten years before trial. Summit Veterinary thereby asks the court to split ownership of the disputed property between the parties, with title of the westernmost portion of the disputed property quieted to the Tindles and Summit Veterinary retaining title in the eastern portion of the disputed property.

The district court rejected Summit Veterinary's argument, finding the construction on the eastern portion of the disputed property did not begin the clock on the ten-year period but rather continued the Tindles' "longstanding possession" of the disputed property. We concur. The evidence in the record

shows that the Tindles held, maintained, and cared for the entire portion of the disputed property since at least 1979 when the prior owner of Summit Veterinary's property erected a fence to divide the properties along the southern portion of the disputed property.  The construction of a second carport on the eastern portion of the disputed property in 2006 and 2007 was simply an extension of their claim of title to the disputed property, not the start the clock for adverse possession of that portion of the property.

Because clear and convincing evidence establishes the Tindles' claim of adverse possession on the disputed property, we affirm the district court order quieting title to the property to the Tindles.

**AFFIRMED.**