# IN THE COURT OF APPEALS OF IOWA

No. 19-0143
Filed March 18, 2020

**JAMES LIDDIARD,**
        Plaintiff-Appellant,

**vs.**

**CONNIE MIKESH,**
        Defendant-Appellee.
_____

        Appeal from the Iowa District Court for Allamakee County, Richard D.

Stochl, Judge.


        James Liddiard appeals the district court's denial of his petition to quiet title.

**AFFIRMED.**


        A. Theodore Huinker of Fuerste, Carew, Juergens & Sudmeier, P.C.,

Dubuque, for appellant.

        James Burns of Miller, Pearson, Gloe, Burns, Beatty & Parrish, P.L.C.,

Decorah, for appellee.


        Considered by Tabor, P.J., and Mullins and May, JJ.

**MAY, Judge.**

This case involves a boundary-line dispute. James Liddiard has resided on his property in Allamakee County his entire life. His parents purchased the land around 1944 or 1945. Liddiard acquired the title in 1995.

Before Liddiard's family owned the land, it was owned by Larry Griffin. Griffin's deed, which was dated 1887, included the following property description:

> The Northeast Corner of the Northwest Quarter of the Northeast Quarter of Section 31, Township 99 R 6 West, containing five acres more or less bounded by the brink of the bluff.

But neither Liddiard's deed nor his parents' deed included the "more or less" language. Instead his deed stated, "five acres of land in the Northeast corner of said described forty acres, being bounded by the brink of the bluff."

In July 1988, Connie Mikesh purchased the property next to Liddiard's. When buying the property, Mikesh hired Roger Mohn to perform a survey. The completed survey included a five-acre square cut-out in the northeast corner of the property. Mohn's survey was recorded in 1988.

Liddiard and Mikesh had no disputes until the early 2000s. Then a dispute arose regarding ownership of logged timber. Eventually, the issue was brought to small claims court. Mikesh prevailed when the court found, relying on Mohn's survey, that she owned the property. But the court specifically stated it had "no jurisdiction to establish property lines" and it had "no jurisdiction to correct an erroneous survey even if it is shown to be incorrect." That occurred in November 2008.

In May 2014, Liddiard brought this action to quiet title for approximately eight acres in addition to the five-acre square. He contends the true boundary line

is the fence line. He relies on theories of adverse possession and acquiescence. The district court found Liddiard failed to meet his burden under either theory. He now appeals.

Liddiard's action to quiet title under the theory of adverse possession is an equitable proceeding, and our review is de novo. *Albert v. Conger*, 886 N.W.2d 877, 879 (Iowa Ct. App. 2016). But the acquiescence claim is governed by Iowa Code chapter 650 (2014), which "is a special action." *Id.* So our standard of review would normally be correction of errors at law. *Id.* "However, because the parties appear to be in agreement that the claims were equitable and tried in equity, we will apply a de novo review." *Mixdorf v. Mixdorf*, No. 16-0596, 2017 WL 2461493, at *1 (Iowa Ct. App. June 7, 2017).

As a preliminary matter, Liddiard contends the district court erred in interpreting the language of the 1887 deed. He argues the "[five] acres more or less is not to be used as a limiting descriptor" and the description "should not be applied until after the physical monument, the brink of the bluff has been surveyed." But Liddiard cites no supporting authority for this proposition. *See* Iowa R. App. P. 6.903(2)(g)(3) ("Failure to cite authority in support of an issue may be deemed waiver of that issue."). Moreover, as the district court noted, Liddiard's deed does not contain the "more or less" language. Reviewing the district court's ruling, we find no reliance on this specific language in determining the property line. Instead, the district court found Liddiard did not meet his burden of proof to establish either adverse possession or acquiescence.

So we turn our focus to the adverse-possession claim. "A party claiming title by adverse possession must establish hostile, actual, open, exclusive and

continuous possession, under claim of right or color of title for at least ten years." *C.H. Moore Tr. Estate v. City of Storm Lake*, 423 N.W.2d 13, 15 (Iowa 1988). "The burden is on the plaintiff to show all the elements of adverse possession by clear and positive proof." *Louisa Cty. Conservation Bd. v. Malone*, 778 N.W.2d 204, 207 (Iowa Ct. App. 2009).

At trial, Liddiard testified he "did not know where the true boundary [was]." Both parties testified that they used the land and allowed others to use the land. Therefore, Liddiard's use was not exclusive. Moreover, prior to the logging dispute, Mikesh had no idea that Liddiard claimed any ownership of land in addition to the five-acre square. This suggests Liddiard's use was not open.

We note that a "claim of right is evidenced by taking and maintaining property, such as an owner of that type of property would, to the exclusion of the true owner; in other words, the plaintiff's conduct must clearly indicate ownership." *Id.* Liddiard did testify that he made improvements to the land, including fixing the fence and removing some brush in order to protect his cattle. But Liddiard has no idea who put up the fence and only fixed it when necessary. Also, Mikesh's husband, Gary, testified he believed the fence was only a "courtesy" fence that was constructed in the most convenient area to restrict livestock from getting out. We conclude Liddiard's efforts do not establish the substantial maintenance and improvement required to establish adverse possession. *See id.* at 208 ("Although 'mere use' is insufficient to establish hostility or claim of right, certain acts, including *substantial* maintenance and improvement of the land, can support a claim of ownership and hostility to the true owner." (Emphasis added.)).

We also note that Mikesh has always paid the property taxes. *But see Mitchell v. Daniels*, 509 N.W.2d 497, 500 (Iowa Ct. App. 1993) ("[P]ayment of taxes is not essential to a successful claim of adverse possession."). And following Mikesh's victory in the 2008 logging dispute, Liddiard did not contest the boundaries for another six years when he brought this action. Based on all this evidence, we agree with the district court and find Liddiard has not met his burden of proof for adverse possession. *See C.H. Moore Tr. Estate*, 423 N.W.2d at 15.

Finally, we address the acquiescence claim. Liddiard contends he proved acquiescence because "no actions were taken by Mikesh or her predecessors to inform Liddiard of an actual of different boundary line." Acquiescence is defined as "the mutual recognition by two adjoining landowners for ten years or more that a line, definitely marked by fence or in some manner, is the dividing line between them." *Ollinger v. Bennett*, 562 N.W.2d 167, 170 (Iowa 1997) (quoting *Sille v. Shaffer*, 297 N.W.2d 379, 381 (Iowa 1980)). "Acquiescence exists when *both* parties acknowledge and treat the line as the boundary." *Id.* (emphasis added) (quoting *Sille*, 297 N.W.2d at 381).

Here, *both* parties did not treat the fence as the boundary line. Mikesh testified she believed the five-acre square had always been the boundary line. Her husband and son both testified they did not believe the fence was a boundary line nor did they treat it as such. Instead, Mikesh's husband testified that the fence was a courtesy fence constructed at a convenient place near a rock formation to keep livestock contained. So it does not appear both parties are in agreement about the boundary line being the fence.

We acknowledge acquiescence does not require direct proof of an agreement; it "may be inferred from silence when there is notice of another party's claim." *Sorenson v. Knott*, 320 N.W.2d 645, 647 (Iowa Ct. App. 1982). Mikesh testified that she first realized Liddiard disputed the boundary line during the logging incident. She did not stay silent. Instead, Mikesh filed suit to resolve the issue and determine who was owed the logging proceeds. This seems like the opposite of acquiescence.

We conclude Liddiard has not met his burden of proving adverse possession or acquiescence. We affirm the district court's denial of Liddiard's petition to quiet title.

**AFFIRMED.**