**IN THE COURT OF APPEALS OF IOWA**

No. 19-1260
Filed April 15, 2020

**SAHAR TAHA FARAJ,**
   Plaintiff-Appellee,

**vs.**

**MUSALLAM YASSEN FARAJ,**
   Defendant-Appellant.
_____

   Appeal from the Iowa District Court for Polk County, Jeanie K. Vaudt, Judge.


   Musallam Yassen Faraj appeals from the issuance of a protective order pursuant to Iowa Code chapter 236 (2019), challenging the sufficiency of the evidence and the restrictions placed on his visitation with his children.  **AFFIRMED.**


   Daniel M. Northfield, Urbandale, for appellant.

   Margaret Acosta Weirich of Iowa Legal Aid, Des Moines, for appellee.


   Considered by Bower, C.J., and Greer and Ahlers, JJ.

**AHLERS, Judge.**

The district court issued a protective order against Musallam Yassen Faraj pursuant to Iowa Code chapter 236 (2019) after finding Musallam committed a domestic abuse assault against his wife, Sahar Faraj. On appeal, Musallam claims there was insufficient evidence he committed an assault and the district court erred by restricting his visitation and contact with the couple's children.

I.      **Standard of Review**

The parties disagree over the standard of review. Musallam asserts the standard of review is de novo. Sahar asserts the case was tried as a law action and the standard of review is for errors at law. In general, civil domestic abuse cases are heard in equity and, thus, deserve a de novo review. *Wilker v. Wilker*, 630 N.W.2d 590, 595 (Iowa 2001). However, there is authority that, when the district court rules on objections at trial, the case is considered to be tried as a law action and the standard of review is for errors at law. *See, e.g., Bacon ex rel. Bacon v. Bacon*, 567 N.W.2d 414, 417 (Iowa 1997). In this case, the district court ruled on objections rather than reserving rulings so as to allow the answers to become a part of the record. This practice is normally "the hallmark of a law trial, not an equitable proceeding." *Sille v. Shaffer*, 297 N.W.2d 379, 380-81 (Iowa 1980). Even when the district court rules on objections, when there are few evidentiary rulings excluding evidence and the record is sufficient to allow the reviewing court to determine it does not disagree with the evidentiary rulings, the case can still be considered to be heard in equity. *Id.* at 381. In this case, even though the district court ruled on objections, the rulings were generally overruled or pertained to the form of the question. In the one instance when evidence was

excluded, it was on relevance grounds, possibly arising from time constraints on the hearing, and we do not disagree with the district court's ruling. We further note that the remedies sought were equitable remedies. For these reasons, we conclude the case was heard in equity and our standard of review is de novo. That said, the standard of review is inconsequential, as we would reach the same conclusion regardless of whether we reviewed the matter de novo or for errors at law.

## II.     Sufficiency of the Evidence

A party seeking a protective order pursuant to chapter 236 must prove by a preponderance of the evidence that a domestic abuse assault occurred. *See* Iowa Code §§ 236.4(1) ("[T]he plaintiff must prove the allegation of domestic abuse by a preponderance of the evidence."), 236.5(1) (providing relief "[u]pon a finding that the defendant has engaged in domestic abuse"). "Domestic abuse" means "committing assault as defined in section 708.1" when the assault is between specified persons. *Id.* § 236.2(2).

Based on our de novo review, the evidence established the episode at issue occurred at the parties' residence and started when Musallam began physically disciplining the parties' teenage daughter by pulling her hair and pushing her. Sahar intervened and tried to push Musallam away from their daughter. In response, Musallam slapped Sahar in the face and pushed her in the chest with both hands, causing her to almost fall. The slap caused Sahar pain. The evidence also established Musallam was physically violent with Sahar in the past and regularly threatened her with physical harm if she did not do as she was told. After she was slapped and pushed, Sahar left the room and called police.

Iowa Code section 708.1 defines "assault" to include "[a]ny act which is intended to place another in fear of immediate physical contact which will be painful, injurious, insulting, or offensive, coupled with the apparent ability to execute the act." *Id.* § 708.1(2)(b). By slapping Sahar in the face and shoving her in the chest with both hands, Musallam made physical contact that was painful, insulting, and offensive to Sahar. Based on the nature of the physical contact, coupled with Musallam's prior acts of physical violence and threats of physical violence directed at Sahar, we also find Musallam acted with the specific intent to make physical contact with Sahar that would be painful, injurious, insulting, and offensive. Therefore, Musallam committed an assault. Since Musallam and Sahar have children together and were married and residing together at the time, the assault constituted domestic abuse. *See id.* §§ 236.2(2)(c)-(d) (defining "domestic abuse" to include an assault "between persons who are parents of the same minor child" or are "family or household members residing together" at the time), 236.2(4)(a) (defining "family or household members" to include spouses).

Musallam argues there was insufficient evidence to support a finding that his actions constituted a domestic abuse assault. In support of his argument, Musallam relies on four main points: (1) Musallam denied assaulting Sahar, claiming he slapped her in self-defense; (2) law enforcement was called, arrived at the scene, talked to the parties, and did not arrest Musallam; (3) Sahar waited ten days after the episode to file her petition seeking a protective order; and (4) Sahar admitted spraying Musallam with a water hose on an earlier occasion. We will address each of these points in turn.

Musallam's claim of self-defense was based solely on his testimony that he slapped Sahar only after she strangled him nearly "until death." This testimony was in direct conflict with Sahar's testimony. While the district court did not make detailed factual findings, it inherently found Sahar's testimony more credible when it made the factual finding that Musallam committed a domestic abuse assault. Even though we are engaging in a de novo review, we give this credibility finding by the district court considerable weight due to the fact the district court had the opportunity to see the witnesses in person. *See In re Estate of Roethler*, 801 N.W.2d 833, 827 (Iowa 2011) (noting that, on de novo review, weight is given to the trial court's factual findings, particularly regarding credibility of witnesses). The district court's credibility finding coupled with our independent review of the record causes us to not accept Musallam's claim he was nearly strangled to death or his claim he acted in self-defense.

Musallam's point that police arrived at the scene, interviewed the parties, and left without arresting or charging Musallam is uncontroverted in the record. However, there is nothing in Iowa Code chapter 236 that requires a party seeking relief from domestic abuse to prove the perpetrator was arrested for or charged with any crime. Consequently, it is irrelevant that the police officers responding to Sahar's call for help failed to arrest or charge Musallam.

As for the ten-day delay between the assault and the filing of the petition, Iowa Code chapter 236 has no provision that requires a petition to be filed within a specific time after an alleged assault. *Smith v. Smith*, 513 N.W.2d 728, 731 (Iowa 1994) (noting the lack of a time requirement). There is nothing about a ten-day delay that relieves Musallam of the consequences of his assault.

Finally, the fact that Sahar sprayed Musallam with water from a hose on a previous occasion in no way justified Musallam slapping and shoving Sahar during the episode at issue in this case.

## III. Visitation and Limitations on Contact With the Children

Musallam challenges the provisions of the protective order limiting his visitation "as the parties can agree to, and there shall be no overnight visitation" and prohibiting him from any other contact with the children. We find Musallam has failed to preserve error on this issue.[1] *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal."). He presented no evidence or argument regarding visitation or a desire for visitation at the hearing on the merits of Sahar's petition. After the district court issued the protective order with visitation and contact restrictions, Musallam filed a motion seeking a variety of forms of relief from the terms of the protective order, but the motion did not raise any issue regarding visitation or contact with the children. Under these circumstances, Musallam has failed to preserve error on the visitation and contact restrictions. Even if he had preserved error, we find no error in the district court's restrictions on visitation and contact with the children given the evidence of violence against the oldest child and Sahar. Musallam remains free to petition for amendment of the restrictions pursuant to Iowa Code section 236.5(2) if so desired.

---

[1] Sahar's brief asserts the issue of visitation is moot, as visitation has been resolved by issuance of a visitation order in a subsequently-filed proceeding. We cannot rely on this assertion in Sahar's brief, as there is no information in the record supporting it.

**IV.     Conclusion**

Upon our de novo review, we find Musallam committed domestic abuse assault and affirm the district court.

**AFFIRMED.**